# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIEN ALEXANDER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-974-JWD-SDJ** |
| **SENTRY SELECT INSURANCE COMPANY, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 25, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JULIEN ALEXANDER                                    CIVIL ACTION

VERSUS                                              NO. 24-974-JWD-SDJ

SENTRY SELECT INSURANCE
COMPANY, et al.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 10) filed by Plaintiff Julien Alexander on January 16, 2025. Defendants Sentry Select Insurance Company and B&G Equipment, Inc., of Magnolia oppose this Motion (R. Doc. 19). With leave of Court, Plaintiff filed a Reply Memorandum in support of his Motion to Remand (R. Doc. 22). And, with leave of Court, Defendants filed a Sur-reply thereto (R. Doc. 25). For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand be **granted** and that this matter be remanded to state court for all further proceedings.

## I.    BACKGROUND

Plaintiff filed this cause of action on or about October 10, 2024, in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.[1] Plaintiffs' claims arise from a motor vehicle accident that occurred on October 26, 2023.[2] On November 26, 2024, Defendants Sentry Select Insurance Company and B&G Equipment, Inc., of Magnolia removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[3] In their Notice of

---

[1] R. Doc. 1-1 at 1.
[2] *Id.* ¶ II.
[3] R. Doc. 1 at 3.

Removal, Defendants assert that Plaintiff is a citizen of Louisiana; B&G Equipment, Inc., is a citizen of Mississippi; Sentry Select Insurance Company is a citizen of Wisconsin; and Defendant Jonathan Manley Tackett, who has not yet been served, is a citizen of Mississippi.[4]  Plaintiff, in his Petition for Damages, specifically asserts a claim "in excess of seventy-five thousand dollars together with all costs of the proceedings and judicial interest from the date of judicial demand until paid."[5]  Thus, per Defendants, at the time of removal, the requirements for federal diversity jurisdiction had been satisfied.

However, on December 23, 2024, Zielies Tree Service, Inc., and Twin City Fire Insurance Company, which paid Workers' Compensation benefits to Plaintiff, filed an unopposed Motion for Leave to Intervene.[6]  The Court granted Intervenors' Motion on January 16, 2025.[7]  Zielies is a citizen of Wisconsin, and Twin City is a citizen of Indiana and Connecticut.[8]

Following intervention by Zielies and Twin City, Plaintiff filed the instant Motion to Remand, arguing that because Intervenors are aligned with Plaintiff, and because both Zielies and Sentry Select are both Wisconsin citizens, the intervention destroyed diversity jurisdiction, meaning this case should be remanded to state court.  Defendants disagree and argue that the revisions to the Louisiana Direct Action statute make Sentry Select, the insurer of the Defendant driver's employer, an improperly joined party such that its citizenship should be disregarded in analyzing diversity jurisdiction.

---

[4] *Id.* at 3-4.
[5] R. Doc. 1-1 at 1 ¶ I.
[6] R. Doc. 6.
[7] R. Doc. 9.
[8] R. Doc. 11 at 1.

## II.     LAW AND ANALYSIS

### A.     Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

### B.     Whether This Court Has Diversity Jurisdiction

The Parties do not dispute that Zielies and Sentry Select both are citizens of Wisconsin. The question then is whether, if Intervenors are aligned with Plaintiff, the amended Louisiana Direct Action Statute renders Sentry Select an improperly joined party.

### 1.    Whether Intervenors Are Aligned With Plaintiff

"In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Johnson v. Agility Fuel Sys., Inc.*, No. 20-733, 2021 WL 4693235, at *3 (M.D. La. Sep. 7, 2021) (quoting *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)). "In this Circuit, 'the generally accepted test of proper alignment is whether the parties with the same "ultimate interests" in the outcome of the action are on the same side.'" *Id.* (quoting *Griffin*, 621 F.3d at 388).

Given that Zielies and Twin City are seeking to recover workers' compensation payments paid to Plaintiff, they are properly aligned with Plaintiff in this action. *See Johnson*, 2021 WL 4693235, at *3 (intervening employer seeking to recover workers' compensation payments is aligned with Plaintiff); *Grizer v. CF Indus., Inc.*, No. 16-145, 2017 WL 2608860, at *5 (M.D. La. May 26, 2017) (aligning workers' compensation insurer seeking recovery of paid benefits with the plaintiff). *See also Gallodoro v. Walton Isaacson, LLC*, No. 20-2163, 2021 WL 2187927, at *3 (E.D. La. May 28, 2021) (aligning intervening worker's compensation carrier with the plaintiff); *Balboa v. Metso Minerals Indus., Inc.*, No. 18-9968, 2019 WL 8888170, at *3 (E.D. La. Jan. 2, 2019) ("An intervenor who has paid workers compensation benefits to an employee or will pay benefits in the future, and who is seeking to recover those payments and any future payment obligations from a third-party tortfeasor, is properly aligned with the Plaintiff."); *Norwood v. Grocers Supply Co. Inc.*, No. 12-751, 2013 WL 686410, at *4 (W.D. La. Feb. 25, 2013) (aligning intervenors who made worker's compensation payments with the plaintiff).

### 2.     Whether Sentry Select is Improperly Joined

With Zielies aligned with Plaintiff, citizens of the same state, Wisconsin, are on both sides of the litigation.  The question, then, is whether Sentry Select is an improperly joined party, such that its citizenship should not be considered for purposes of determining jurisdiction.

### a.     Legal Standard

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).  But, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss them from the litigation, and exercise subject matter jurisdiction over the remaining diverse defendants.  *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 810 n.5 (5th Cir. 2021) ("[T]he proper mechanism of handling an improperly joined party is to dismiss it, not send it to another court to decide the merits.").  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Irby*, 326 F.3d at 649.

### b.    The Effect of the Amended Louisiana Direct Action Statute

On August 1, 2024, Louisiana's Direct Action Statute, La. R.S. 22:1269 was amended, allowing direct actions against insurers only in certain specified situations. According to section B(1) of the statute:

> B.(1)  The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
>
> (a)  The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b)  The insured is insolvent.
>
> (c)  Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
>
> (d)  When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
> (e)  When the insurer is an uninsured motorist carrier.
>
> (f)  The insured is deceased.

(g)  When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

Here, the accident, which occurred on October 26, 2023, happened prior to the amendment of the statute on August 1, 2024.   Plaintiff filed his Complaint, however, after implementation of the amendment, on October 10, 2024.  The Eastern District of Louisiana in *Taylor v. Elsesser*,  No. 24-2888, 2025 WL 471807 (E.D. La. Feb. 12, 2025), recently determined at what point a plaintiff's right to bring a cause of action pursuant to the Direct Action Statute vests.  In *Taylor*, the situation was identical to the one here, where the accident occurred prior to the amendment of the statute, but suit was filed after the amendment had been enacted.  *Taylor*, 2025 WL 471807, at *1.  There, the Eastern District noted that "[c]ourts applying Louisiana law have held that litigants may file a direct action *after the enactment* of [the amendment] but *before its effective date*."  *Id.* at **3-4 (citing *Baker v. Amazon Logistics, Inc.*, No. 23-3991, 2024 WL 4345073, at *2 (E.D. La. Sep. 30, 2024); *Smith v. Fortenberry*, No. 24-1647, 2024 WL 4462332 (E.D. La. Oct. 10, 2024); *Rogers v. Griffin*, No. 24-537, 2024 WL 5183219, at *3 (La. Ct. App. 5th Cir. Dec. 20, 2024)).  However, in determining whether a plaintiff may file a direct action against the defendant's insurer when the accident occurred before the effective date, but plaintiff filed suit after the effective date, the Eastern District reasoned as follows:

> The Louisiana Supreme Court has held that the Direct Action Statute is a procedural law, and the Direct Action statute "becomes operative only when and if the remedy it serves to facilitate is invoked."  *Church Mut. Ins. Co. v. Dardar*, 145 So.3d 271, 287 (La. 2014).  The Direct Action Statute "does not create an independent cause of action against the insurer; it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured."  *Soileau v. Smith True Value & Rental*, 144 So.3d 771, 780 (La. 2013).  The Direct Action Statute facilitates a remedy for an injured third-party against the insurer of the insured tortfeasor.  Accordingly, a plaintiff's right under the Direct Action Statute is vested only when the plaintiff files suit, as it is at that moment that a plaintiff invokes his or her remedy conferred by the Direct Action Statute.  *See Baker*, 2024 WL 4345073, at *5.

* * * *

    Persuaded by the analysis in *Church Mutual* and relied upon in *Baker*, *Smith*, and *Rogers*, the Court finds that Plaintiffs' rights against [the defendant's insurer] did not vest prior to the effective date of Act 275.  Because Act 275 was effective before Plaintiffs filed suit against [the defendant's insurer], the Act applies prospectively to the facts of this case.  *See Ebinger v. Venus Const. Corp.*, 65 So.3d 1279, 1287 (La. 2011).  Plaintiffs, by plain language of the Louisiana Direct Action Statute, as amended by Act 275, may no longer directly sue [the defendant's insurer] unless one of the provided exceptions applies.

*Taylor*, 2025 WL 471807, at **4-5 (footnote citations inserted into text, modifications omitted).

The Court agrees with the reasoning in *Taylor* and finds that, because Plaintiff filed suit after enactment of the amendment to the Louisiana Direct Action Statute, it may not bring a cause of action against Sentry Select per the plain language of the revised statute.

    However, in his Reply Memorandum, Plaintiff argues that one of the exceptions does apply here, namely section (B)(1)(c) which applies when "[s]ervice of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service."  La. R.S. 22:1269(B)(1)(c).  Per Plaintiff, "service of citation has been attempted on Jonathan Manly Tackett, who is an insured, without success."[9]  Defendants, in their Sur-Reply, respond that Tackett is a resident of Mississippi who was operating a vehicle in Louisiana at the time of the accident, meaning "the Louisiana Secretary of State is 'the agent for service of process' for Tackett, the operator of the vehicle involved in an automobile accident in Louisiana pursuant to LSA-R.S. 13:3474."[10]

    According to La. R.S. 13:3474:

    The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized agent, employee or person for whom he is legally responsible of a motor vehicle within the state of Louisiana, shall be deemed equivalent to an appointment by such non-resident of the secretary

---

[9] R. Doc. 22 at 2.
[10] R. Doc. 25 at 5-6.

of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee. . . . Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally.

La. R.S. 13:3475(A) explains that:

A. The service of the process authorized by R.S. 13:3474 shall be made by serving a copy of the petition and citation on the secretary of state, or his successor in office, and such service shall be sufficient service upon the defendant, the nonresident, the executors or administrators of the deceased nonresident, if there be such, and if not, then against his heirs or legatees, or the nonresident liability insurer of the vehicle, as the case may be; provided that notice of such service, together with a copy of the petition and citation, is forthwith sent by the plaintiff by registered mail or certified mail with receipt requested, or is actually delivered to the defendant and the defendant's returned receipt, in case notice is sent by registered or certified mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against the defendant. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

Here, we have a unique situation. Service was attempted on Defendant Jonathan Manley Tackett vis long arm service by mailing a copy of the Citation and Complaint to Tackett by certified mail.[11] However, the USPS Tracking states that the "item was returned to the sender on October 28, 2024 . . . because the addressee was not known at the delivery address noted on the package."[12] To the Court, this indicates that the Parties are unable to locate Tackett.

The "Louisiana nonresident motorist statute requires 'that notice of . . . service, together with a copy of the petition and citation, is forthwith sent by the plaintiff' to the defendant."

---

[11] R. Doc. 22-1 at 1.
[12] *Id.* at 3.

*Howard v. Krull*, 438 F. Supp. 3d 711, 717 (E.D. La. 2020). "While it is true that, under § 3474, service is valid once it is made on the secretary of state, it is not complete until notice has been mailed to the defendant. Moreover, the Due Process Clause is not satisfied until a plaintiff gives notice to a defendant under § 3475." *Id.*; *see also Stewart v. Revnell*, 542 So.2d 655, 657 (La. Ct. App. 1989) ("Even if the Stewarts properly served the Secretary of State with the lawsuit, because they failed to serve Waco with notice of the suit by certified copy of the citation and petition, the service requirements of R.S. 13:3474 *et seq* were not fulfilled; thus service was improper.").

The exception to the amended Direct Action Statute occurs when service has been attempted with no success, or the insured defendant refuses to answer or defend the action within 180 days of service. *See* La. R.S. 22:1269(B)(1)(c). Service here was attempted via long arm service, but not by service on the Louisiana Secretary of State. Section 3474 does not appear to require service on the Louisiana Secretary of State for a non-resident motorist, and Defendants do not so argue. And the exception to the amended Direct Action Statute does not require exhaustion of all efforts to serve. As such, based on the plain language of the statute, and no arguments or case law by Defendants to the contrary, Plaintiff's attempted long-arm service would appear to trigger this exception.

In addition, the fact that Tackett was not known at the address to which service was sent indicates that even if Plaintiff serves the Secretary of State, he cannot complete service because he cannot mail notice to Tackett. The Court, therefore, queries whether this exception also would be triggered where the Secretary of State is served but notice cannot be sent to the Defendant, as appears the case here. Keeping in mind that ambiguities in state law must be construed in favor of Plaintiff, *Irby*, 326 F.3d at 649, the Court finds that Defendants, who have not shown that no exception to the amended Direct Action Statute applies, have not carried their burden of proving

federal diversity jurisdiction.  *See Garcia*, 351 F.3d at 638.  And, because the removal statute is strictly construed, any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno*, 276 F.3d at 723.  As such, the Court finds remand of this matter to state court appropriate.

### III.   CONCLUSION

For the reasons set forth above,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 10) be **GRANTED** and that this matter be remanded to the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, for all further proceedings.

Signed in Baton Rouge, Louisiana, on August 25, 2025.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**